UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SALEEM EL-AMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-70 (ABJ) |
| | ) | |
| APRIL DOWNS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a prisoner appearing *pro se*, has sued his former criminal defense attorney, April Downs, for legal malpractice, and the complaint also includes a claim against the District of Columbia under 42 U.S.C. § 1983. The claims against both defendants are based on a decision rendered by the D.C. Superior Court judge who presided over plaintiff's criminal trial. Downs and the District of Columbia have each moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District invokes judicial immunity, which the Court finds to be inapplicable,[1] and it also argues that under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff cannot maintain this civil lawsuit without first invalidating his conviction. *See* District of

---

[1] Immunity defenses are available to individuals sued personally and to sovereign entities. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (explaining that "[w]hen it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses[.] In an official-capacity action, these defenses are unavailable. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua entity*, may possess"). No judge has been named as a defendant in this case, and "a municipality may not assert the judicial immunity enjoyed by its official." *Killinger v. Johnson*, 389 F.3d 765, 771 (7th Cir. 2004).

1

Columbia's Mem. in Support of Mot. Dismiss at 8-10 [Dkt. # 22]. Downs invites this Court to "decline to assert its jurisdiction . . . in light of the parallel local cases" in D.C. Superior Court and also contends that plaintiff has failed to state a claim of "Legal Malpractice or Breach of Fiduciary Duty . . . concerning the dismissal of a count against [him] in the course of his criminal trial." Def. Downs's Mot. to Dismiss ¶¶ 2, 4 [Dkt. # 27].

For the reasons explained below, the Court finds that the complaint fails to state a claim against either defendant. So the Court will grant each defendant's motion and will deny plaintiff's pending motions as moot.[2]

## BACKGROUND

In May 2014, plaintiff was charged with armed robbery. In July 2014, the grand jury returned a superseding indictment adding a second count of assault with a dangerous weapon ("ADW"). *See* Downs's Mem. at 2 and Ex. A, Superior Court Docket [Dkt. # 27, 27-1]. In September 2014, a jury trial was held in D.C. Superior Court before Judge William M. Jackson. Downs was plaintiff's court-appointed counsel. *Id.* Based on the facts adduced at trial, the trial judge determined that the assault with a dangerous weapon was simply a lesser included offense of armed robbery. Therefore, he dismissed the separate ADW charge on September 16, 2014, and declined Downs's request to instruct the jury on that charge. Downs's Mem. at 5 and Ex. A. Plaintiff was convicted of armed robbery and sentenced on November 14, 2014 to a prison term of ten years. *Id.*

---

[2] Pending are plaintiff's motion for summary judgment on the claim against Downs (sans statement of material facts he contends are undisputed) [Dkt. # 7]; motion under Fed. R. Civ. P. 67 to compel defendant Downs to deposit funds for safekeeping [Dkt. # 10]; motion under Fed. R. Civ. P. 20(a)(2) for permissive joinder of Attorney April Fearnley [Dkt. # 18]; and motion pursuant to Fed. R. Civ. P. 16 for a pretrial conference [Dkt. # 38].

Plaintiff filed this action in January 2017 and the operative Amended Complaint [Dkt.# 13] in March 2017.[3] Plaintiff alleges the following:

> On 9/16/2014, employee of the District of Columbia a District of Columbia Superior Court Judge who makes final decisions for the District of Columbia D.C. Code Ann. 11-900 under "color of state law" D.C. Code Ann 11-101(2)(b) deprived me of my due process right of the reasonable doubt standard when he removed the ADW element of Armed Robbery from jury fact-finding role protected by the Fifth Amend[ment].[4]

Am. Compl. at 2-3. Plaintiff faults Downs for allegedly "agree[ing] not to report the District of Columbia Superior Court Judge 'under State law' D.C. Code Ann. 11-101(2)(b) violated my due process when he removed ADW from jury fact finding role." *Id* at 3. Plaintiff seeks $5.1 million from the District and $1 million from Downs. Am. Compl. at 8; *see* Opp'n to Mot. to Dismiss at 2 [Dkt. # 34] (plaintiff confirms that he does not "want injunctive relief").

## LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.

---

[3] On June 2, 2017, plaintiff filed a "Supplement Complaint" to add as a defendant Attorney April E. Fearnley, who was the sole defendant in a case plaintiff voluntarily dismissed in September 2016 [Dkt. # 26]; *see El-Amin v. Fearnley*, No. 16-cv-1683, Not. of Voluntary Dismissal [Dkt. # 7]. Plaintiff did not include a separate motion for leave to file; therefore, the pleading is not properly before this Court. *See* Fed. R. Civ. P. 15(d) ("on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . . ."); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("While a party may freely offer an amendment at any time before a responsive pleading is served, supplements *always* require leave of the court." (emphasis added)). Besides, the supplemental pleading has no direct bearing on either the current defendants or the current issues and thus is beyond the scope of this litigation.

[4] D.C. Code §§ 11-901-11; 11-921-25; and 11-941-47 govern the organization, jurisdiction, and powers of D.C. Superior Court. D.C. Code § 11-101(2)(B) establishes D.C. Superior Court pursuant to Article I of the Constitution.

Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). While "[a] *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a pro se complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

## ANALYSIS

**1.** *Heck v. Humphrey*

The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

4

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-47 (emphasis in original). Thus, if a favorable judgment in this case "would necessarily imply the invalidity of [plaintiff's] conviction" of armed robbery, *id*. at 487, he cannot recover monetary damages without first invalidating the conviction through a writ of habeas corpus or another avenue specified in *Heck*. *See Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam), quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck* applies "no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration" (alterations in original)).

The fact that the trial judge removed the lesser-included ADW charge from the jury's consideration does not "necessarily imply the invalidity" of the jury's guilty verdict for armed robbery. Even if the judge was wrong, whether the jury would have convicted plaintiff on the lesser or greater charge is purely speculative, and "verdicts cannot be upset by speculation or inquiry into such matters." *Dunn v. United States*, 284 U.S. 390, 394 (1932). Therefore, the Court does not find *Heck* to be applicable.

That said, under the Prison Litigation Reform Act, a court is required to screen a prisoner's action against a governmental entity "as soon as practicable" and to dismiss the complaint or "any portion of the complaint" that fails to state a claim upon which relief may be granted. 28 U.S.C.

§ 1915A(a)-(b). Since, as discussed next, the Court finds that plaintiff has failed to state a § 1983 claim against the District, it will dismiss that portion of the complaint pursuant to § 1915A.

**2. Section 1983 Claims**

Section 1983 provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983. A plaintiff bringing a § 1983 claim "must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991).[5] The District of Columbia may be held liable under § 1983 "for constitutional torts arising from 'action pursuant to official municipal policy.'" *Atherton*, 567 F.3d at 691 (quoting *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To establish a municipal liability claim, a plaintiff must "show fault on the part of the city based on a course its policymakers consciously chose to pursue" and "the only acts [or omissions] that count . . . are ones by a person or persons who have final policy making authority under state law." *Triplett*., 108 F.3d at 1453, quoting

---

[5] To be clear, court-appointed counsel, such as Downs, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

*Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986); *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989) (internal quotation marks and alteration omitted).

Plaintiff's claim against the District rests on the erroneous premise that the decision rendered by the presiding judge at his criminal trial constituted policymaking. "[B]ut a judge acting in his judicial capacity to enforce state law does not act as a municipal official or lawmaker." *Mackey v. Helfrich*, 442 Fed. App'x 948, 950 (5th Cir. 2011), citing *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986); *see Burns v. Mayes*, 369 Fed. App'x 526, 531 (5th Cir. 2010), quoting *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (per curiam) (A "local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county."); *Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007) (A "judicial order incarcerating [plaintiff] was not a final policy decision of a type creating municipal liability under § 1983."). Consequently, plaintiff's claim against the District fails as a matter of law.

### 3. Legal Malpractice Claims

To succeed on a legal malpractice claim under District of Columbia law, "a plaintiff must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of." *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 664 (D.C. 2009). It is long established that "an attorney is not liable for mistakes made in the honest exercise of professional judgment," so long as she has acted "with a proper degree of skill, and with reasonable care and to the best of [her] knowledge[.] *Id*. at 665, quoting *National Sav. Bank v. Ward*, 100 U.S. 195, 198 (1879).

Plaintiff's malpractice claim fails because he has alleged no facts and cited no authority that would support an inference that Downs was under any duty "to report" the trial judge's allegedly improper decision to remove the ADW charge from the jury's consideration, nor has he identified where or to whom she was to report the ruling. More importantly, the D.C. Court of Appeals, which is "undeniably the final arbiter on questions of District of Columbia local law," *Stokes v. George Hyman Const. Co.*, 968 F.2d 92 (D.C. Cir. 1992) (per curiam), has determined that "a claim for legal malpractice does not accrue until the plaintiff-client has sustained some injury from the malpractice." *Knight v. Furlow*, 553 A.2d 1232, 1235 (D.C. 1989) (citations and internal quotation marks omitted). And in the "usual case" where the malpractice claim is based on the attorney's representation in a criminal prosecution that resulted in a conviction, "it is logical to require a successful challenge to the conviction before monetary damages are assessed against the lawyer, because otherwise there is no causal connection between the lawyer's performance and the claimed injury." *Herbin v. Hoeffel*, 806 A.2d 186, 195 (D.C. 2002).

Plaintiff has not articulated an injury, and his conviction is not yet final. *See El-Amin v. United States*, No. 17-cv-1024 (D.D.C. July 14, 2017) (dismissing habeas action upon petitioner's representation that "his appeal of the underlying conviction is pending" in the DCCA).[6] Plaintiff attempts to invoke the discovery rule that arises in the context of some civil cases, *see Byers v. Burleson*, 713 F.2d 856, 860 (D.C. Cir. 1983) ("[W]here a legal . . . injury is not readily apparent, the District of Columbia courts follow the discovery rule, which tolls the running of the statute of

---

[6] In evaluating a Rule 12(b)(6) motion to dismiss, courts may take judicial notice of public records from other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005), citing *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993); *Akers v. Watts*, 589 F. Supp. 2d 12, 15 (D.D.C. 2008) (taking "judicial notice of the records of this Court and of other federal courts") (citations omitted).

limitations until the plaintiff-client discovers or reasonably should have discovered [his] injury."), and he asserts: the "discovery rule in the District of Columbia is to redress situations [where] the fact of injury [is] not readily apparent or might not be for several years," Opp'n to Downs's Mot. at 1-2 [Dkt. # 34]. The doctrine is not applicable, though, in this situation, where the law is clear that a criminal defendant may not pursue a malpractice claim while his appeal remains unresolved.

## CONCLUSION

The Court concludes that plaintiff has stated neither a § 1983 claim against the District of Columbia nor a claim of legal malpractice against Attorney April Downs. Therefore, each defendant's motion to dismiss under Rule 12(b)(6) will be granted. A separate order will issue.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: August 9, 2017